

Signed and Filed: September 16, 2011

_____
**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 11-30705 TC |
| CHRISTOPHER D. COOK, | Chapter 7 |
| Debtor. | |
| STEPHANIE ROSEN, | Adv. Proc. No. 11-3039 TC |
| Plaintiff, | |
| vs. | |
| MYCHELLE LEUTBECHER AKA MYCHELLE TORRES, et al., | |
| Defendants. | |

**ORDER RE MOTION FOR REMAND
AND MOTION FOR RELIEF FROM STAY**

On July 25, 2011, the court held a hearing on the motion for relief from stay filed by creditor Stephanie Rosen, and on the motion to remand filed by Xiao Yan Chen. Raymond R. Miller appeared for Debtor. Reidun Stromsheim appeared for the chapter 7 trustee. Lawrence D. Miller appeared for Stephanie Rosen. Bradley M. Kass appeared specially for James Li, Faye Chen and Joe Chen. Gregory Lowe appeared specially for Xiao Yan Chen.

ORDER RE MOTION TO REMAND
AND MOTION FOR RELIEF FROM STAY           -1-

Upon due consideration, because the trustee has filed a no-asset report and stated on the record at the hearing that the fraudulent transfer claims asserted in the State Court Action (defined below) are of inconsequential value to the estate, and for the reasons stated on the record at the hearing, the court hereby orders as follows.

(1) The motion to remand to the San Mateo Superior Court the action entitled <u>Rosen v. Leutbecher, et al.</u>, case no. 497737 (the State Court Action) is hereby granted.

(2) Relief from the automatic stay created by 11 U.S.C. § 362(a) is hereby granted to allow movant Stephanie Rosen to prosecute the State Court Action through final judgment, post-trial motions, appeal, and any enforcement of judgment proceedings, subject to the condition that Plaintiff Stephanie Rosen may sue Debtor solely for the purpose of recovering the *property* that is the subject of the State Court Action, and not to impose any *in personam* liability on Debtor so long as Debtor does not assert any claims for damages against Rosen. (There is no limitation on the claims that may be brought against non-debtor parties).

(3) The court hereby determines that the property that Plaintiff seeks to recover in the State Court Action is not property of the bankruptcy estate, and such property is not protected by the automatic stay.

(4) Any claim to impose *in personam* liability against Debtor for pre-petition conduct could be filed only as an adversary proceeding in this court under 11 U.S.C. § 523(a) or 11 U.S.C. §

727(a), and the deadline to file such an action expired on June 6, 2011.

**\*\*END OF ORDER\*\***

ORDER RE MOTION TO REMAND
AND MOTION FOR RELIEF FROM STAY     -3-